IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DUNCAN J. McNEIL III | § | |
| v. | § | CIVIL ACTION NO. 6:05cv264 |
| UNITED STATES OF AMERICA, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Duncan McNeil, proceeding *pro se*, filed this civil lawsuit asking that the Court enforce judgment issued by the Superior Court of Spokane County, Washington, and the U.S. District Court for the Eastern District of Washington, and apparently orders from a federal bankruptcy court in the Central District of California as well. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McNeil's lawsuit names as Defendants the United States District Clerk for the Eastern District of Texas, the Clerk of Bankruptcy Court, the U.S. Attorney, the U.S. Trustee, the U.S. Marshal;'s Service, the F.B.I. office, and the Secret Service office in the Eastern District of Texas. He attached court orders to his complaint, from the U.S. District Court for the Eastern District of Washington and the Superior Court for Spokane County, Washington, asking that this Court enforce the judgments of these courts.

After reviewing the pleadings, the Magistrate Judge issued a Report on August 9, 2005, recommending that the lawsuit be dismissed. The Magistrate Judge noted that none of the individuals named in the judgments furnished by McNeil are located in the Eastern District of Texas, and McNeil did not show that these individuals have any property in the Eastern District of Texas.

Instead, the Magistrate Judge said, McNeil has embarked on a nationwide crusade to find a court which will issue orders to his liking, regardless of jurisdiction or venue. He has filed some 120 lawsuits in courts around the country; while most of these have been in the Eastern District of Washington, the Magistrate Judge observed that McNeil has filed cases in the District of Columbia, the District of Idaho, the District of Wyoming, the District of Utah, the Western District of Oklahoma, the Western District of Washington, the Northern District of Texas, the Southern District of California, the Central District of California, the District of Maine, the Southern District of Texas, the Southern District of Iowa, the Northern District of Oklahoma, the Southern District of Illinois, the Middle District of Florida, the Eastern District of Wisconsin, the Southern District of Indiana, the Eastern District of Arkansas, the Western District of Louisiana, the District of Hawaii, the Western District of Louisiana, the Northern District of Alabama, the District of South Carolina, the Central District of Illinois, the District of New Jersey, the District of Kansas, the Northern District of Illinois, the Eastern District of Oklahoma, the Western District of Virginia, the Eastern District of Virginia, the Western District of Texas, the Northern, Southern and Middle Districts of Georgia, the District of Rhode Island, the District of Delaware, the District of Oregon, the District of Connecticut, the Northern District of New York, the Southern District of Mississippi, the Western District of North Carolina, the Western District of New York, the Western District of Michigan, the Middle District of Alabama, and the Eastern District of Missouri.

Many of these lawsuits, as the Magistrate Judge noted, have simply been carbon copies of the present action, seeking to have these various courts enforce his judgments.

In addition, the Magistrate Judge stated that the U.S. District Court for the Northern District of Texas has concluded that McNeil has previously filed at least five lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. These include McNeil v. Spokane County Jail, no. 04-371-AAM (E.D. Wash., November 9, 2004); McNeil v. Gregoire, no. 03-372-AAM (E.D. Wash., November 9, 2004); McNeil v. Miller, no. 04-378-AAM (E.D. Wash., November 9, 2004); McNeil v. Tighe, no. 04-379-AAM (E.D. Wash., November 9,

2004); and McNeil v. Williams, no. 04-380-AAM (E.D. Wash., November 9, 2004). McNeil has also been deemed a "vexatious litigant" in the Eastern District of Washington, the U.S. Bankruptcy Court for the Eastern District of California, and the Spokane County Superior Court. *See* McNeil v. Brandt, no. C05-1043-RSL (W.D. Wash., June 14, 2005).

Consequently, the Magistrate Judge stated, McNeil is subject to the terms of 28 U.S.C. §1915(g), which provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate Judge determined that McNeil has not shown that he is under imminent threat of serious physical injury in connection with anything forming the basis of his lawsuit, and if he is in such imminent danger, it is in the Spokane County Jail, which is beyond the power of the federal court in Tyler, Texas, to rectify.

Finally, the Magistrate Judge stated that McNeil's lawsuit suffered from an even more serious flaw than the Section 1915(g) bar; he shows no connection with the Eastern District of Texas beyond a conclusory assertion that "one or more federal government agencies have offices in the Eastern District of Texas." McNeil says that "one or more of the acts complained of took place in this district," but he does not identify any such act, nor does he say who committed the alleged act or acts complained of. As the Magistrate Judge accurately observed, the allegation that "one or more acts took place in this district" was also made in McNeil's filings in many other districts, so it appears to be a *pro forma* statement, without reference to specific acts. The Magistrate Judge therefore concluded that the Court lacked jurisdiction over McNeil's claims and so his lawsuit should be dismissed.

McNeil filed objections to the Magistrate Judge's Report on August 22, 2005. These objections argue that he is in imminent danger because he is being denied medical care and treatment by his jailers in Spokane, and that he is being retaliated against because of his efforts to enforce his

judgments. He says that this lawsuit is being brought as a "common law suit" as well as under provisions of the U.S. Bankruptcy Code, under a bankruptcy case filed in the Central District of California. He argues that he has the right to enforce his judgments, which he says are "valid nationwide" under the Full Faith and Credit Clause. McNeil also argues that the previous dismissals cited by the Magistrate Judge are "not strikes." Finally, McNeil argues that he is trying to execute judgments on property in the Eastern District of Texas, but fails to identify any such property.

McNeil refers to an amended complaint dated July 29, 2005. No such amended complaint appears on the docket; rather, on August 4, 2005, he filed a "motion for court findings." In this motion, McNeil requested court findings to the effect that he is under imminent danger; he is not a prisoner because he is a "civil detainee" and therefore not subject to Section 1915(g), the Spokane County Jail is in violation of its own policies, he is disabled, and the dismissals of his previous lawsuits were in error and are therefore not "strikes."

McNeil filed a document which he called a "second amended complaint" on August 31, 2005. In this instrument, he says that: he is the owner of foreign judgments which are entitled to be honored by this Court; he is a "judgment creditor" under bankruptcy law;" this is a "common law action" in aid of these foreign judgments, as well as a statutory claim under the federal question statute, the bankruptcy code, the Public Information Law and Freedom of Information Act, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

McNeil goes on to state that: he is unlawfully incarcerated; he is a "federal court appointed officer" under bankruptcy law; he is disabled under the Americans with Disabilities Act; he is presently under imminent danger of serious physical injury because of retaliation and the withholding of medical care in the Spokane County Jail; he is being housed improperly in the jail; and he is the victim of "erroneous or falsified agency records." He asks that his judgments be enforced in this district, that the agency records be corrected pursuant to 5 U.S.C. §552, and that he be granted an award of actual damages.

Neither McNeil's objections nor his "second amended complaint" contain any merit. McNeil does not specifically allege that the persons whom he says are "judgment debtors" have any property in the Eastern District of Texas, nor does he identify any such property; he simply makes a bald allegation to this effect, as he has done in his myriad filings around the country.

In addition, McNeil's assertions that his prior cases were not "strikes" and that he is not a prisoner, despite being confined in the Spokane County Jail, are without merit. He has not shown that he is in imminent danger with respect to the claims forming the basis of this lawsuit, and so his claim of exemption from 28 U.S.C. §1915(g) is without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings and other evidence in the cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice for want of jurisdiction. Should McNeil be able to identify some substantive connection between his claims and the Eastern District of Texas, including the identification of specific property which may be subject to execution, he may refile his lawsuit or otherwise seek execution; however, any refiling of a civil lawsuit may be subject to the strictures of 28 U.S.C. §1915(g). It is further

---

[1] The Court offers no opinion as to the merits of any claim which McNeil could bring regarding the conditions of confinement in the Spokane County Jail, which have allegedly placed him in such imminent danger. Such a claim would have to be brought in a court of proper jurisdiction and venue, such as a local state court or the U.S. District Court for the Eastern District of Washington.

ORDERED that McNeil is hereby WARNED that further frivolous filings in the Eastern District of Texas may subject him to the imposition of sanctions, monetary or otherwise, pursuant to Rule 11, Fed. R. Civ. P.  Finally, it is hereby

ORDERED that any and all motions which may be pending in this civil action, including McNeil's application for leave to proceed *in forma pauperis*, are hereby DENIED.

**SIGNED this 7th day of September, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE